IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. BURROWS,  )
                     )
        Plaintiff,   )  2:09-cv-01813-GEB-DAD
                     )
     v.              )  ORDER GRANTING DEFENDANT'S
                     )  MOTION TO DISMISS PLAINTIFF'S
BAC HOME LOANS SERVICING, LP, )  FIRST AMENDED COMPLAINT[*]
                     )
        Defendant.   )
_____)

On November 13, 2009, Defendant BAC Home Loan Servicing, LP filed a motion under Federal Rule of Civil Procedure 12(b)(6)("Rule 12(b)(6)") in which it seeks dismissal of Plaintiff's first amended complaint. Plaintiff did not file an opposition. For the reasons stated below, Defendant's motion to dismiss is GRANTED.

**I.   LEGAL STANDARD**

A motion under Rule 12(b)(6) "challenges a complaint's compliance with . . . pleading requirements." <u>Champlaie v. BAC Home Loans Servicing, LP</u>, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D. Cal. Oct. 22, 2009). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the

---

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

grounds upon which relief rests . . . ." Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

In deciding a motion under Rule 12(b)(6), the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Iqbal, 129 S. Ct. at 1949-50. To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id. "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

## II. BACKGROUND

Plaintiff alleges he "entered into a contract with the owner of the real property located at 1283 Prospector Trail in South Lake Tahoe, California to purchase" the property at that address (the "Subject Property"). (First Amended Compl. ("FAC") ¶ 4.) To execute

the transaction, "Plaintiff entered into negotiations with [Defendant] and Guaranty Bank." (Id.)  Plaintiff alleges that while negotiations were ongoing, the Subject Property "was in foreclosure and . . . scheduled to be sold at an auction on more than one occasion . . . ." (Id. ¶ 5.)  Plaintiff further alleges Defendant "orally agreed to extend the date of the foreclosure sale on [the Subject Property]" to June 4, 2009 to allow Plaintiff time to complete the purchase.  (Id.) However, Plaintiff alleges Defendant allowed the Subject Property to be sold on or about May 4, 2009.  (Id. ¶ 7.)  Plaintiff alleges the sale of the Subject Property at the auction "caus[ed] [him] financial loss as well as emotional stress and duress." (Id. ¶¶ 5, 7.)

Plaintiff's original complaint was dismissed in a Minute Order filed September 25, 2009, and Plaintiff was granted leave to file a first amended complaint. Plaintiff's first amended complaint alleges five claims under California law: breach of contract, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of the covenant of good faith and fair dealing.

### III.  DISCUSSION

#### A.  Breach of Contract Claim

Plaintiff's breach of contract claim is premised upon Defendant's oral promise to postpone the foreclosure sale.  Defendant's argue this claim should be dismissed under the "law of the case doctrine" since the September 25, 2009 Minute Order found this claim was an unenforceable oral contract under the statute of frauds.  However, since it is unclear whether this reason was a basis for dismissal in the Minute Order, the "law of the case doctrine" is not applicable.

However, Plaintiff has not alleged consideration was given for the oral promise on which he relies. Absent consideration, Defendants' promise was "simply [a] gratuitous oral promise[]" and an unenforceable agreement. <u>Beggerly v. Gbur</u>, 112 Cal. App. 3d 180, 190 (1980). Since Plaintiff has not alleged that any consideration supported Defendant's oral promise to postpone the foreclosure sale, Defendant's motion to dismiss Plaintiff's breach of contract claim is granted.

### B. Plaintiff's Fraud Claim

Defendant also seeks dismissal of Plaintiff's fraud claim, arguing Plaintiff has failed to satisfy the pleading requirements of Federal Rule of Civil Procedure Rule 9(b) ("Rule 9(b)"). Rule 9(b) requires that "in alleging fraud . . . a party . . . [must] state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b)'s particularity requirement applies to state-law causes of action" brought in federal court. <u>Vess-Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003). Plaintiff's sole allegation in support of this claim is that Defendant "orally agreed to extend the date of the foreclosure sale" to June 4, 2009, and despite this representation, Defendant allowed the Subject Property to be sold at an auction on an earlier date. (FAC ¶ 5.) This single allegation is insufficient to satisfy the heightened pleading standard of Rule 9(b). Therefore, this claim is dismissed.

### C. Plaintiff's Claims of Intentional & Negligent Infliction of Emotional Distress

Defendant argues Plaintiff's intentional and negligent infliction of emotional distress claims should be dismissed since "Plaintiff['s] [first amended complaint] lacks any facts to support" these claims.

4

Under California law, to state a claim for "intentional infliction of emotional distress a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. Conduct, to be outrageous, must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty, USA, Inc., 129 Cal. App. 4th 1228, 1259 (2005)(quotations and citations omitted).

Plaintiff alleges in his intentional infliction of emotional distress claim, "[D]efendant['s] actions constitute extreme and outrageous conduct that have caused him to suffer headaches, sleeplessness, and other physical symptoms of extreme stress . . . ." (FAC ¶ 13.) However, the only conduct attributed to Defendant is breach of an oral contract. This alleged breach is insufficient to state an intentional infliction of emotional distress claim, since it does not satisfy the extreme or outrageous element of the tort. Therefore, Defendant's dismissal motion on this claim is granted.

Defendant also seeks dismissal of Plaintiff's negligent infliction of emotional distress claim. Under California law, "the negligent causing of emotional distress is not an independent tort, but the tort of negligence." Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992)(emphasis omitted). Therefore, Plaintiff was required to allege the traditional elements of a negligence claim; that is, duty, breach of duty, causation and damages. See id. However, "[t]he existence of a legal duty to use reasonable care in a

particular factual situation is a question of law for the court to decide." Vasquez v. Residential Invs. Inc., 118 Cal. App. 4th 269, 278 (2004).

Plaintiff merely alleges Defendant "has negligently caused him to suffer general damages by breaching their general duty to him . . . ." (FAC ¶ 16.) This allegation is insufficient to demonstrate Defendant owed Plaintiff a legal duty of care that could give rise to a claim for negligent infliction of emotional distress. Therefore, this portion of Defendant's motion is also granted.

### D. Plaintiff's Claim of Breach of the Implied Covenant of Good Faith And Fair Dealing

Defendant also seeks dismissal of Plaintiff's breach of the implied covenant of good faith and fair dealing claim because of Plaintiff's failure to plead an enforceable contract. Under California law, in "every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Locke v. Warner Bros., Inc., 57 Cal. App. 4th 354, 363 (1997)(quotations omitted). However, a claim for "breach of the implied covenant of good faith and fair dealing . . . depends on the existence of an enforceable contract. In the absence of a contract, there is no cause of action for breach of the implied covenant." Ali v. L.A. Focus Publication, 112 Cal. App. 4th 1477, 1489 (2003). Since Plaintiff has not alleged that an enforceable contract existed between the parties, he cannot state a claim for breach of the implied covenant of good faith and fair dealing. Therefore, Defendant's motion to dismiss this claim is granted.

### IV. CONCLUSION

For the stated reasons, Defendant's motion to dismiss is GRANTED. Plaintiff, however, is granted ten (10) days from the date on which this order is filed within which to file a second amended complaint curing any deficiencies he opines he can remedy.

Dated: January 11, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge